IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.<br>501 School Street, S.W., Suite 500<br>Washington, DC  20024,<br><br>            Plaintiff,<br><br>v.<br><br>U.S. NATIONAL ARCHIVES AND<br>RECORDS ADMINISTRATION<br>8601 Adelphi Road<br>College Park, MD  20740-6001,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S APPLICATION FOR INJUNCTIVE RELIEF**

Plaintiff Judicial Watch, Inc. ("Judicial Watch"), by counsel, and pursuant to Fed.R.Civ.P. 65(a) and LCvR 65.1(c), respectfully requests that the Court enjoin Defendant U.S. National Archives and Record Administration ("Archives"), its agents, employees, representatives, and all other persons acting in concert with or providing assistance to Archives, including but not limited to agents, employees and representatives of the Clinton Presidential Library ("Library"), from continuing to withhold records requested by Judicial Watch under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  As grounds therefor, Judicial Watch states as follows:

**MEMORANDUM OF LAW**

I.      **Factual Background.**

Judicial Watch is a non-profit, educational foundation organized under the laws of the District of Columbia. Verified Complaint for Declaratory and Injunctive Relief (hereinafter "Verified Complaint") at para. 3. Judicial Watch seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. *Id.* In furtherance of its public interest mission, Judicial Watch regularly serves FOIA requests on federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public. *Id.*

On or about April 5, 2006, Judicial Watch sent a FOIA request to the Library, which is operated and maintained by the Archives, requesting access to the following records:

> First Lady Hillary Rodham Clinton's calendar, to include but not limited to her daily office diary, schedule, day planner, telephone log book, and chronological file.

*Id.* at para. 5. The time-frame for the request was from January 1, 1993 to January 20, 2001, which approximates the time period during which Mrs. Clinton was First Lady. *Id.* Judicial Watch also requested a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii). *Id.* at para. 6.

By letter dated April 13, 2006, the Library acknowledged receiving Judicial Watch's FOIA request on April 5, 2006 and notified Plaintiff that it had assigned the request FOIA Case No. 2006-0886-F. *Id.* at para. 7. The Library also acknowledged that it possessed a substantial volume of records potentially responsive to the request. *Id.*

Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Library was required to respond to the request within twenty (20) working days, or on or before May 3, 2006. *Id.* at para. 8. As of July 9, 2007,

the Library has failed to produce any records responsive to the request or demonstrate that responsive records are exempt from production. *Id.* at para. 9. Nor has it indicated when any responsive records would be produced. *Id.* Consequently, Judicial Watch is being irreparably harmed by reason of the Library's violation of FOIA, and Judicial Watch will continue to be irreparably harmed unless the Library is compelled to conform its conduct to the requirements of the law. *Id.* at paras. 3 and 12.

## II.  Discussion.

### A.  Standard for Injunctive Relief.

Several, well-established factors are to be considered in determining whether to grant injunctive relief. Those factors are: (1) whether the petitioner is likely to prevail on the merits; (2) whether the petitioner will suffer irreparable harm in the absence of the requested relief; (3) whether the harm to the petitioner if relief is denied outweighs the harm to the other parties interested in the proceedings if relief is granted; and (4) whether the injunction is in the public interest. *See Washington Metropolitan Area Transit Comm. v. Holiday Tours, Inc.*, 559 F.2d 841, 842 (D.C. Cir. 1977). No single factor is dispositive. Rather, a court "must balance the strengths of the requesting party's arguments in each of the four required areas." *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C.Cir. 1995). District courts have broad discretion in evaluating and making determinations regarding the propriety of injunctive relief. *Wagner v. Taylor*, 836 F.2d 566, 576 (D.C. Cir. 1987). Because any analysis of these factors weighs heavily in favor of granting an injunction in this case, such relief must be afforded to Judicial Watch.

B.     **Judicial Watch Will Prevail on the Merits of this Case.**

The U.S. Supreme Court has plainly stated that underlying FOIA is "a general philosophy of *full* agency disclosure." *U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 754 (1989) (quotation marks and citations omitted) (emphasis added). At the very heart of FOIA is "the citizens' right to be informed about what their Government is up to." *Id.* at 773. "In essence, the Act provides that all documents are available to the public unless specifically exempted by the Act itself." *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.D.C. 1973).

Judicial Watch has a clear statutory right to have the Library search for and produce all non-exempt records responsive to its April 5, 2006 FOIA request within the time frame required by the statute. *Vaughn*, 484 F.2d at 823; 5 U.S.C. § 552(a)(6)(A)(i). The Library also is required to produce a index of any responsive records is seeks to withhold from Judicial Watch under claim of exemption. *Vaughn*, 484 F.2d at 826-27. Although more than fifteen (15) months have passed since Judicial Watch served its request, the Library has failed to do either. It has failed to search for and produce all non-exempt records responsive to the request, and it has failed to produce an index of responsive records it seeks to withhold from Judicial Watch under claim of exemption. Therefore, there is a substantial likelihood that Judicial Watch will prevail on the merits of its FOIA complaint.

C.     **Judicial Watch Is Suffering Irreparable Harm as a Result of the Library's Failure to Comply with the FOIA.**

Irreparable harm is an injury for which the court cannot compensate should the movant prevail. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Virginia Petroleum Jobbers*

*Assoc. v. Federal Power Comm.*, 259 F.2d 921, 925 (D.C. Cir. 1958)). "[I]t is well-established that acts by Government agencies in derogation of statutory rights of the public or certain individual members of the public can constitute irreparable injury." *Gates v. Schlesinger*, 366 F. Supp. 797, 800 (D.D.C. 1973) (plaintiffs were entitled to a preliminary injunction because plaintiffs demonstrated irreparable injury by being shut out of a public meeting, as was their right to attend under the Federal Advisory Committee Act); *see also Public Citizen v. Nat'l Economic Comm.*, 703 F. Supp. 113 (D.D.C. 1989) (plaintiffs were entitled to a temporary restraining order and eventually granted a permanent injunction because plaintiffs demonstrated irreparable injury by being shut out of a public meeting, as was their right to attend under the Federal Advisory Committee Act.). As noted, FOIA "provides that all documents are available to the public unless specifically exempted by the Act itself." *Vaughn*, 484 F.2d at 823.

Again, Judicial Watch has a clear, statutory right to receive all non-exempt responsive records to its April 5, 2006 FOIA request and an index of responsive records subject to any claims of exemption. Judicial Watch is being irreparably harmed as a result of the denial of its clear, statutory right, and there is no alternative, adequate legal remedy available to Judicial Watch.

### D.      Entry of an Injunction Will Not Cause Harm to Other Parties.

By contrast, any harm that the Library might suffer if it were required to search for and produce non-exempt, responsive records and an index of responsive records withheld under claim of exemption is slight, if not non-existent. Indeed, the Library cannot be harmed in any meaningful sense because Judicial Watch merely seeks to have it comply with its legal obligations under FOIA. Rather than harming the Library, an injunction "will highlight vividly

the essence of our democratic society, providing the public its right to know its government is conducting the public's business." *Public Citizen*, 703 F. Supp. at 129.

### E. Entry of An Injunction Is in the Public's Interest.

Finally, it cannot reasonably be disputed that entry of an injunction is in the public's interest. It is beyond peradventure that the public has a substantial interest in having the government comply with the law. Moreover, the public has a substantial interest in the particular records at issue here. Again, Judicial Watch seeks access to Mrs. Clinton's calendar when she was First Lady of the United States. Given Mrs. Clinton's current status as a presidential candidate, if not the front-runner for the Democratic Party's nomination, the public interest in her tenure as First Lady is undeniable. Because Mrs. Clinton seeks our nation's highest office and may well become the next President of the United States, the public interest weighs heavily in favor of enjoining the Library from continuing to withhold the records at issue.

## III. Conclusion.

For the foregoing compelling reasons, Judicial Watch respectfully requests that the Court enjoin Defendant from continuing to withhold records responsive to Judicial Watch's April 5, 2006 FOIA request by requiring Defendant to search for and produce all non-exempt responsive records by a date certain and by requiring Defendant to produce a *Vaughn* index of any and all responsive records subject to any claim of exemption.

Dated: July 16, 2007

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Paul J. Orfanedes

Paul J. Orfanedes
D.C. Bar No. 429716
Jason B. Aldrich
D.C. Bar No. 495488
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.<br>501 School Street, S.W., Suite 500<br>Washington, DC 20024,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. NATIONAL ARCHIVES AND<br>RECORDS ADMINISTRATION<br>8601 Adelphi Road<br>College Park, MD 20740-6001,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Application For Injunctive Relief, any opposition thereto, and the entire record herein, it is hereby ORDERED that:

1. Plaintiff's application is granted.

2. Defendant and its agents, employees, representatives, and all other persons acting in concert with or providing assistance to Defendant, including but not limited to agents, employees, and representatives of the Clinton Presidential Library, are hereby enjoined from continuing to withhold non-exempt records responsive to Plaintiff's April 5, 2006 Freedom of Information Act request.

3. Defendant shall search for and produce to Plaintiff all non-exempt records responsive to Plaintiff's April 5, 2006 Freedom of Information Act request and a *Vaughn* index

of any and all responsive records subject to a claim of exemption by _____,
2007

    SO ORDERED.

Dated:                                                    _____
                                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.<br>501 School Street, S.W., Suite 500<br>Washington, DC 20024,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. NATIONAL ARCHIVES AND<br>RECORDS ADMINISTRATION<br>8601 Adelphi Road<br>College Park, MD 20740-6001,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S REQUEST FOR HEARING; STATEMENT
OF FACTS IN SUPPORT OF SAME**

Plaintiff Judicial Watch, Inc. ("Judicial Watch"), by counsel and pursuant to LCvR 65.1(d), respectfully requests that, within twenty (20) days, the Court hold a hearing on Judicial Watch's application for an injunction in this Freedom of Information Act ("FOIA") matter. In support of this request, Judicial Watch submits the following statement of facts.

    1.    Since April 5, 2006, Judicial Watch has been attempting to secure the release of certain records in the possession, custody, and control of the Clinton Presidential Library ("the Library"), which is operated and maintained by Defendant U.S. National Archives and Records Administration. *See* Verified Complaint for Declaratory and Injunctive Relief ("Verified Complaint") at ¶¶ 5-9. The records at issue consist of largely the day planner, calendar, and daily schedule of Hillary Rodham Clinton when she was First Lady, among other, related documents. *Id.* at ¶ 5.

2. The Library acknowledged receipt of Judicial Watch's request and further acknowledged possessing a substantial volume of potentially records. *Id.* at ¶ 7. As of July 16, 2007, however, the Library has failed to produce any records responsive to the request or demonstrate that responsive records are exempt from production. *Id.* at ¶¶ 8-9. Nor has it indicated when any responsive records would be produced. *Id.* at ¶ 9.

3. Given Mrs. Clinton's current status as a presidential candidate, if not the front-runner for the Democratic Party's nomination, the public interest in her tenure as First Lady is undeniable.

4. Because Judicial Watch has a statutory right to the records at issue under FOIA and the Library has offered no legal justification or excuse for its failure to make the records publicly available, Judicial Watch's application for an injunction should be heard at the earliest practicable date.

Dated: July 16, 2007

Respectfully submitted,

JUDICIAL WATCH, INC.

Paul J. Orfanedes
D.C. Bar No. 429716
Jason B. Aldrich
D.C. Bar No. 495488
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*