IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:07-cv-01267 (JR) |
| U.S. NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LIMITED DISCOVERY**

**INTRODUCTION**

Despite the detailed declarations submitted by the Deputy Director of the Clinton Presidential Library, which described the Library's FOIA queue system in a comprehensive fashion, plaintiff has now requested "limited" discovery "as to how the queue structure functions . . . and how the Library's resources are being utilized." Pls. Opp'n at 15. Because defendant has established that a stay is appropriate under Open America – putting aside plaintiff's complaints about the queue structure – and because defendant has provided ample description of the queue structure, plaintiff's request should be denied.

**ARGUMENT**

Defendant has more than established its entitlement to a stay, regardless of NARA's queue structure. Nonetheless, discovery is rarely appropriate in FOIA cases. See Judicial Watch, Inc. v. Export-Import Bank, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) ("[D]iscovery in a FOIA action is generally inappropriate.") (internal quotation marks omitted); Public Citizen, Inc. v. Dep't of State, 100 F. Supp. 2d 10, 28 (D.D.C. 2000) ("Discovery is to be sparingly granted in FOIA actions.") (quotation marks and citation omitted); Public Citizen Health Research Gp. v. Food and Drug Admin., 997 F. Supp. 56, 72 (D.D.C. 1998), aff'd in part and rev'd on other

grounds, 185 F.3d 898 (D.C. Cir. 1999) (same).  Nonetheless, plaintiff presses for limited discovery, which it contends is "liberally granted when jurisdiction is at issue," Pls. Opp'n at 15, even though no jurisdictional issues are presented in this case.  Even if jurisdiction were at issue, the discovery that plaintiff seeks would not be relevant to any jurisdictional issue at all.  Plaintiff seeks discovery on the Library's FOIA queue system, including information about the placement of its request at various points in the last two years and information about the placement and dates of other FOIA requests, including requests involving "Unidentified Flying Objects."  Id. at 16.  Plaintiff suggests that discovery into the queue system is necessary to determine whether the Library has been exercising due diligence in processing plaintiff's FOIA request.

At base, discovery would have little bearing on defendant's motion for a stay, which is supported by the exceptional circumstances presented in processing an unanticipated volume of FOIA requests with limited resources.  Through the declarations of Ms. Robison, the Library has established that it simply does not have the resources to process the hundreds of FOIA requests received by the Library within the time limits set forth in the FOIA.  The six full time equivalent archivists are conducting painstaking reviews and exercising utmost diligence in processing the requests.  In any event, plaintiff may not complain about the queue structure because of the benefits plaintiff has gained by placement of its request in the multi-request queue.  As Ms. Robison explained, 211 FOIA requests preceded plaintiff's April 5, 2005 FOIA request when it was submitted.  2d Supp. Decl. ¶ 4.  Currently, as a result of the multi-request queue only 30 FOIA requests remain to be processed ahead of the telephone log books portion of plaintiff's request, totaling 400,000 pages of records.  See id. ¶ 6.  If a single-track system for processing existed – without regard for media type or complexity – plaintiff's request would today remain behind 124 earlier-filed textual and electronics records requests alone, totaling over 3,000,000 pages.  The Library certainly should not be penalized for maximizing the efficiencies of its staff and processing system, through which plaintiff has benefitted.  At a minimum, the Library has exhibited due diligence in processing all of its FOIA requests, including plaintiff's.

Even the cases upon which plaintiff relies do not support the type of discovery that plaintiff seeks here. In <u>CREW v. Office of Admin.</u>, No. 07-964 (D.D.C. Feb. 11, 2008), the court granted "<u>very limited</u> discovery as to [the Office of Administration]'s agency status," because, the court concluded, the component's status went to "the Court's jurisdiction to hear a FOIA case . . . ." <u>Id.</u> at 3-4 (emphasis in original). As explained above, no jurisdictional issues are presented here. Nor does <u>Public Citizen v. FDA</u>, 997 F. Supp. 56 (D.D.C. 1998) support plaintiff's request. In <u>Public Citizen v. FDA</u>, the Court in fact denied discovery, not approved it as plaintiff suggests. <u>Id.</u> at 73 ("Discovery is not appropriate in this matter. The court is satisfied that the affidavits and declarations of the agency and the HMR are adequately detailed and submitted in good faith, and that no factual dispute remains.").

Most fundamentally, any factual issues arising in the context of an agency's motion for a stay of the proceedings under <u>Open America</u> are best settled through the use of declarations, rather than discovery. <u>See</u> <u>Summers v. U.S. Dep't of Justice</u>, 733 F. Supp. 443-44 (D.D.C. 1990) (granting agency's motion for a stay under <u>Open America</u> and denying plaintiff's request "to depose [ ] various individuals within the FBI in order to challenge the <u>Open America</u> request"); <u>Cecola v. FBI</u>, Civ. No. 94-4866, 1995 WL 143548, *5 (N.D. Ill. Mar. 31, 1995) ("This court's review of cases under § 552(a)(6)(c) indicates that, as in the case of other issues under FOIA, questions of an agency's diligence are generally resolved on the basis of affidavits, without the taking of formal discovery. . . . This being so, the more appropriate course of action would seem to be to direct the submission of affidavits if an agency has not sufficiently explained its delay in handling information requests.").

Here, defendant submitted the declarations of Emily Robison, Deputy Director of the Clinton Presidential Library. These declarations explained in great detail the Library's multi-track queue system, stating that the "Library has established 17 separate access queues, 16 for FOIA requests and one for mandatory review requests of classified documents . . ." 2d Supp. Robison Decl., Ex. 1 (Supp. Decl. ¶ 20). The declaration further described each of the 16 FOIA queues, noting that there is one "multi-request" queue for records subject to multiple requests,

and queues categorized for different types of media requested (textual, electronic or audiovisual). Id. The media-based queues are each subdivided into large, medium, and small requests, making for a total of 15 media-based queues, for both classified and unclassified records.[1] Id. Thus, taking the one multi-request queue plus the 15 media-based queues, the Library has a total of 16 FOIA request queues. Ms. Robison's declaration also described how the multi-request queue functions, as well as the process by which requests are placed into each of the media-based queues on a first-in basis. Id. ¶¶ 20, 21. Contrary to plaintiff's assertion that "a request is placed in a particular queue based on the type of records requested, not based on when it was received," Ms. Robison's testimony makes clear that "[w]ithin each queue, the FOIA cases are organized by date received." Id. ¶ 20 (emphasis added). And multi-track queue structures have been blessed by courts in this circuit. Nonetheless, the multi-track approach to FOIA processing has been utilized by several agencies, and has been upheld by the courts in this Circuit as a fair and orderly system. See, e.g., Open America, 547 F.2d at 614 ("There is no allegation by plaintiffs that the FBI procedure, treating each request on a first-in, first-out basis *after initially separating the requests into the simple and the difficult tasks for appropriate processing*, is anything but fair, orderly, and the most efficient procedure which can be adopted under the circumstances") (emphasis added); Elect. Frontier Found., 517 F. Supp.2d at 115 & n.6 ("Requests [made to the FBI] are placed in one of three queues, based on the total amount of material responsive to the request, and are assigned to one of the Disclosure Units . . . based on the date of their arrival within the appropriate queue."); Ctr. for Public Integrity, 2006 WL 1073066 at * 4 ("The Department [of State] processes requests on a first-in, first-out basis, with two tracks-simple/fast and routine/complex."); Appleton, 254 F. Supp. 2d at 9 (finding due diligence by FDA because, *inter alia*, the agency used a multi-track system where part of the

---

[1] Thus, the 17 queues are as follows: (1) mandatory classified records review requests; (2) small audiovisual; (3) medium audiovisual; (4) large audiovisual; (5) small electronic classified; (6) small electronic unclassified; (7) medium electronic classified; (8) medium electronic unclassified; (9) large electronic classified; (10) large electronic unclassified; (11) small textual classified; (12) small textual unclassified; (13) medium textual classified; (14) medium textual unclassified; (15) large textual classified; (16) large textual unclassified; (17) multirequest queue.

requester's request was placed in the "'complex' track, which operates on a first-in, first-out basis"). The declarations were exceedingly informative, and are entitled to a presumption of good faith. Elec. Frontier Found. v. U.S. Dep't of Justice, 517 F. Supp. 2d 111, 117 (D.D.C. 2007).

Finally, the Library's FOIA queue system is merely but one of many factors that defendant has established to prove that it has exercised due diligence in support of its motion for a stay of the proceedings. The Court therefore has before it a sufficient basis on which to grant defendant's motion for a stay of the proceedings. However, if, after reviewing the declarations, this Court finds that additional information is required, "the more appropriate course of action would seem to be to direct the submission of [a supplemental] affidavit[ ]," rather than discovery. Cecola, 1995 WL 143548, at *5.

//

//

//

//

//

//

//

## **CONCLUSION**

For all of the reasons noted above, Defendant respectfully requests that Plaintiff's Motion for Limited Discovery be denied.

Respectfully submitted this 19th day of March, 2008.

                                              JEFFREY S. BUCHOLTZ
                                              Acting Assistant Attorney General

                                              JEFFREY A. TAYLOR
                                              United States Attorney

                                              ELIZABETH J. SHAPIRO
                                              Assistant Branch Director

| OF COUNSEL | /s/ Helen H. Hong |
|---|---|
| JASON R. BARON | HELEN H. HONG |
| (DC Bar No. 366663) | Trial Attorney, Federal Programs Branch |
| Director of Litigation | U.S. Department of Justice, Civil Division |
| Office of the General Counsel | Tel: (202) 514-5838 |
| NARA | Fax: (202) 616-8460 |
| 8601 Adelphi Road, Suite 3110 | helen.hong@usdoj.gov |
| College Park, MD 20740 | |
| Telephone: (301) 837-1499 | Courier Address: |
| Fax: (301) 837-0293 | 20 Massachusetts Ave., NW, Rm. 6132 |
| jason.baron@nara.gov | Washington, D.C. 20530 |

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2008, a true and correct copy of the foregoing Defendant's Opposition to Plaintiff's Motion for Limited Discovery was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the documents are available on the ECF system.

/s/ Helen H. Hong
HELEN H. HONG

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 1:07-cv-01267 (JR) |
| | ) | |
| U.S. NATIONAL ARCHIVES AND | ) | |
| RECORDS ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## [PROPOSED] ORDER DENYING PLAINTIFF'S
## MOTION FOR LIMITED DISCOVERY

Upon consideration of Plaintiff's Motion for Limited Discovery, opposition briefing, and the arguments made therein, it is hereby

ORDERED that Plaintiff's Motion for Limited Discovery be, and hereby is, DENIED.

Signed this _____ day of _____, 2008.

_____
JUDGE JAMES ROBERTSON
United States District Judge