IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. NATIONAL ARCHIVES AND )<br>RECORDS ADMINISTRATION, )<br>)<br>Defendant. )<br>) | Case No. 1:07-CV-01267 (JR) |

**PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO
DEFENDANT'S MOTION FOR *OPEN AMERICA* STAY**

Plaintiff, by counsel, hereby submits this memorandum to supplement its opposition to Defendant's Motion for an *Open America* Stay of the Proceedings.

**MEMORANDUM OF LAW**

On March 20, 2008, the Court granted from the bench Plaintiff's motion to conduct limited discovery in this matter and also leave to supplement Plaintiff's pleadings. Consequently, on April 7, 2008, Plaintiff conducted a Rule 30(b)(6) deposition for the purpose of further understanding the "queue structure" instituted by Defendant and the Clinton Presidential Library (the "Library"). As outlined in Plaintiff's motion, the deposition topics included the structure and functioning of the queue system, whether Plaintiff's request will be processed on a "first-in first-out" basis, and the Library's utilization of its resources. *See* Docket No. 16 at 15-16 (Plaintiff's Opposition to Defendant's Motion for *Open America* Stay and Motion for Limited Discovery). The deposition witness was a "textual archivist" from the Library, whose duties include coordinating Freedom of Information Act ("FOIA") requests received by the Library.

The deposition revealed the following additional facts regarding Library's queue system:

1. <u>FOIA Requests Are Not Processed On A "First-In First-Out" Basis</u>.

The deposition confirmed that requests are not processed on a first-in first-out basis. FOIA requests, or parts thereof, are assigned to one of 17 "queues," based on the nature of the requested record (textual, electronic, audiovisual), the estimated number of responsive records (less than 500 records, 500 to 5,000 records, more than 5,000 records), whether classified information is contained in the record, and whether other parties have requested the records (multi-request queue). Deposition Transcript ("Tr.") at 14-16. FOIA requests then are processed one per queue, rotating among the 17 queues. The timeliness of the request only affects the initial placement of the request in a particular queue. Hence, by design, requests are not processed on a first-in first-out basis.

In regard to Plaintiff's pending FOIA request, the deposition confirmed that at least some less timely FOIA requests have been processed ahead of Judicial Watch's <u>earlier</u> request. Tr. at 95:1-16. The witness could not state a specific number, but apparently these less timely requests were for audio-visual records. Tr. at 95:12-16. It was also confirmed that, based on the current queue structure, at least one request received <u>after</u> Judicial Watch's request will be processed ahead of Plaintiff's remaining request. Tr. at 49. These facts further demonstrate that Defendant's queue system does not operate on a first-in first out basis.

2. <u>The Library's Use of Resources Does Not Demonstrate Due Diligence</u>.

The deposition confirmed that, while other more timely requests have waited, the Library has used its limited resources to process <u>less timely</u> FOIA requests for records relating to "Unidentified Flying Objects." Tr. at 78:10. This admission demonstrates that, at the same time it seeks an indefinite stay because of limited resources, Defendant is using its existing resources

2

in a highly questionable manner.

In regard to the Library's resources, the deposition revealed that, even as the Library's backlog of requests grew, the number of archivists tasked with processing the requests has remained unchanged since 2006. Tr. at 66:15-16. This fact casts further doubt on Defendant's ability to demonstrate it has exercised "due diligence" *from the outset* in responding to Plaintiff's and other FOIA requests. *Oglesby v. Department of the Army*, 920 F.2d 57, 62 n.3 (D.C. Cir. 1990) ("The court [has] authority to allow the agency additional time to examine requested records in exceptional circumstances where the agency was exercising due diligence in responding to the request *and had been since the request was received*.") (quoting H.R. Conf. Rep. No. 1380, 93 Cong., 2d Sess. 11 (1974)) (emphasis added).

## Conclusion

For the reasons set forth in Plaintiff's opposition and for the reasons above, Defendant has not established a sufficient basis for an indefinite stay. Accordingly, Defendant's request for an indefinite stay of this lawsuit pursuant to *Open America* should be denied.

Date: April 21, 2008

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ James F. Peterson
D.C. Bar No. 450171
501 School Street, S.W., Suite 500
Washington, DC 20024
Tel: (202) 646-5172
Fax: (202) 646-5199

Attorneys for Plaintiff